IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JAMES DWAYNE ORTEGA,           §
Reg. No. 07046-078,            §
    Petitioner,                §
                               §
v.                             §      EP-17-CV-247-DCG
                               §
J.S. WILLIS, Warden,           §
    Respondent.                §

## MEMORANDUM OPINION AND ORDER

Petitioner James Dwayne Ortega, a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] challenges a prison disciplinary action taken against him through a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. Ortega contends prison officials violated his due process rights when they failed to timely provide a copy of the incident report notifying him of the disciplinary action. Ortega seeks reinstatement of 41 days of forfeited good time credit. After reviewing the record and for reasons discussed below, the Court will, on its own motion, dismiss Ortega's petition because "it appears from the application that the applicant … is not entitled" to relief.[2]

## BACKGROUND

According to records in cause number 1:16-CR-31-RC-1 in the United States District Court for the Eastern District of Texas, on February 27, 2016, Ortega escaped from the Satellite

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial boundary of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] 28 U.S.C. § 2243 (2012).

Federal Prison Camp in Beaumont, Texas.[3]  On February 29, 2016, Ortega turned himself in to

prison officials at the Federal Correctional Institution, Seagoville, Texas.  A grand jury returned

a one-count indictment charging Ortega with escape from custody, in violation of 18 U.S.C. §

751(a).[4]  Ortega pleaded guilty, pursuant to a plea agreement.[5]  The Court sentenced him to six

months' imprisonment to run consecutive to the term previously imposed in cause number 4:98-

CR-14-MAC-21 in the Eastern District of Texas.[6]  Ortega did not appeal.

Ortega returned to Bureau of Prisons' ("BOP") custody on October 21, 2016.[7]  He

received notice that the BOP would initiate disciplinary proceedings against him for the escape

through an "incident report" delivered to him on November 3, 2016.[8]  As a result of the

disciplinary action, Ortega lost 41 days of good time credit.[9]

Ortega now complains the BOP did not follow its regulations when it disciplined him.[10]

He asserts "BOP policy states that an incident report should be delivered to an inmate within 24

---

[3] *See* Factual Basis and Stipulation, May 23, 2016, ECF No. 14.  "ECF No." refers to the
Electronic Case Filing number for documents docketed in *United States v. Ortega* , 1:16-CR-31-
RC-1 (E.D. Tex.).  Where a discrepancy exists between page numbers on filed documents and
page numbers assigned by the ECF system, the Court will use the latter page numbers.

[4] Indictment, Apr. 6, 2016, ECF No. 2.

[5] Plea Agreement, May 23, 2016, ECF No. 15.

[6] J., Oct. 4, 2016, ECF No. 23.

[7] Pet'r's Pet. 6.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 3.

hours of the incident."[11] Ortega maintains he received the incident report advising him of the disciplinary action thirteen days after he returned to BOP custody.[12] Notably, Ortega does not claim he did not receive advance written notice of the charge against him, an opportunity to present evidence in his defense, or a written statement by the hearing officer regarding the reasons for the disciplinary action. Further, he does not claim the evidence was insufficient to support the disciplinary decision.

## APPLICABLE LAW

A prisoner's challenge to a disciplinary action may fall within the scope of 28 U.S.C. § 2241.[13] Relief is not available, however, unless the petitioner shows that prison authorities deprived him of some right secured by the Constitution or laws of the United States.[14] Further, "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."[15] A recognized liberty or property interest must be

---

[11] *Id.*

[12] *Id.*

[13] *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[A]ppellant's petition to expunge the Bureau's disciplinary sanctions from his record, including the loss of good time credits, as a challenge to the execution of his sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241.").

[14] *See Brecht v. Abrahamson*, 507 U.S. 619, 633–34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness."); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)).

[15] *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

at stake before a due process claim is cognizable.[16] Accordingly, a petitioner is not entitled to due process protections in a prison disciplinary hearing unless he is subjected to sanctions which "impose[ ] atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."[17]

Judicial decisions establish a federal prisoner has a liberty interest in his accumulated good-time credit.[18] Thus, the "revocation of such credit must comply with minimal procedural requirements."[19] However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."[20] In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court determined that, at a minimum, a prisoner is entitled to (1) advance written notice of the disciplinary charges, (2) an opportunity to present evidence in his defense, and (3) a written statement by the factfinder regarding the evidence relied on and reasons for the disciplinary action.[21] Additionally, there must be "some facts" or a "modicum of evidence" which supports the disciplinary decision.[22] Finally, a court's determination "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the

---

[16] *Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972).

[17] *Sandin*, 515 U.S. at 484.

[18] *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).

[19] *Id.*

[20] *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

[21] *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).

[22] *Id.* at 454–55.

evidence."[23]

With these principles in mind, the Court will examine Ortega's claims.

## ANALYSIS

Ortega asserts BOP personnel violated his due process rights when they did not comply with the BOP regulation for disciplinary actions.[24] Specifically, he claims prison officials did not provide him with a copy of the charging document—the incident report—within 24 hours after he returned to BOP custody.[25]

The applicable BOP regulation, found at 28 C.F.R. § 541.5, provides a prisoner "will *ordinarily* receive the incident report within 24 hours of staff becoming aware of [his] involvement in the incident."[26] Thus, the regulation does not establish a mandatory requirement that a prisoner receive notification of a disciplinary action within 24 hours of an incident. Moreover, even if it established a mandatory requirement, a federal agency's failure to comply with its own regulations does not necessarily state a constitutional claim.[27] The Court must look to other sources to determine if BOP personnel violated Ortega's due process rights during the disciplinary proceedings.

---

[23] *Id.* at 455; *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) ("[T]he court may act only where arbitrary or capricious action is shown. … This means the prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of prison officials.").

[24] Pet'r's Pet. 3.

[25] *Id.*

[26] 28 C.F.R. § 541.5(a) (emphasis added).

[27] *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989) (failing to follow procedural regulations "does not establish a violation of due process, because constitutional minima may nevertheless have been met" (internal quotation and citation omitted)).

As the Court noted above, a federal prisoner has a liberty interests in his accumulated good-time credit.[28] Because Ortega lost 41 days of good time credit as the result of a disciplinary action, the analysis approved by the Supreme Court in *Wolff v. McDonnell* governs the Court's review of his contested disciplinary proceeding. In *Wolff v. McDonnell*, the Supreme Court explained that while "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime," nevertheless "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."[29] In order for a prison disciplinary proceeding to comport with the requirements of due process, prison officials must afford a prisoner the following minimal procedural safeguards: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence, (3) written findings in support of the ruling; and (4) "some evidence" supporting the ruling.[30]

Based upon the evidence supplied by Ortega in his petition, it appears that he was given adequate, albeit untimely, notice of the alleged violation and disciplinary action. The written notice informed him of the specific charge—"escape, walk away from camp"—which enabled him to prepare his defense.[31] Further, Ortega does not assert the hearing officer denied him the opportunity to present evidence on his own behalf or failed to provide written findings in support of his ruling. Additionally, his guilty plea in cause number 1:16-CR-31-RC-1 in the Eastern District of Texas provides "some evidence" to support the hearing officer's ruling. Finally, Ortega has not alleged prejudice resulting from the untimely notice. His failure to allege

---

[28] *Henson*, 213 F.3d at 898.

[29] *Superintendent, Mass. Corr. Inst.*, 472 U.S. at 455–56.

[30] *Id.* at 454; *Wolff*, 418 U.S. at 556.

[31] Pet'r's Pet. 3.

prejudice defeats his due process claim.[32]  Indeed, while the disciplinary proceeding did not comply with the timeliness requirements in 28 CFR § 541.5(a), it did meet the constitutional minima required by controlling Supreme Court precedent.

## CONCLUSION AND ORDERS

After examining the Ortega's petition, the Court concludes that Ortega has not alleged that prison authorities deprived him of some right secured by the Constitution or laws of the United States.  Thus, the Court further concludes that he is not entitled to § 2241 relief.[33]  Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Ortega's petition is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this _____ 17th _____ day of August, 2017.

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

---

[32] *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir.1997); *see also Banuelos v. McFarland*, 41 F.3d 232, 234-35 (5th Cir.1995) (denying prisoner's due process claim that a disciplinary hearing officer failed to call a defense witnesses where the testimony of the witnesses would not have changed the outcome of the hearing and thus the prisoner did not demonstrate prejudice).

[33] 28 U.S.C. § 2243.